NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 21-1645 & 21-2105

_____

UNITED STATES OF AMERICA

v.

TRAVIS THOMAS, a/k/a Mush

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(Criminal Action No. 2-16-cr-00324-001)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
On January 10, 2022

Before: AMBRO, BIBAS, and ROTH, Circuit Judges

(Opinion filed: February 1, 2022)

AMBRO, <u>Circuit Judge</u>

Appellant Travis Thomas seeks review of the District Court's denial of his motion for compassionate release and its subsequent denial of his motion for reconsideration. For the reasons stated below, we affirm the Court's decisions.

**I.**

Thomas pled guilty in 2017 to eight counts related to his involvement in a conspiracy to distribute heroin. In November of the same year, the District Court sentenced him to 210 months' imprisonment—seven years less than the bottom of the applicable Guidelines range. The District Court granted the downward variance to reflect Thomas's background, his learning disabilities, and his emotional and mental health issues. App. at 106; *see also United States v. Thomas*, 750 F. App'x 129, 131 (3d Cir. 2018) (affirming Thomas's sentence). He has been incarcerated since December 2015.

In September 2020, Thomas filed a *pro se* motion for compassionate release, and in January 2021, with the assistance of counsel, he filed a supplementary motion requesting that he serve a portion of his sentence under home confinement. Both motions were based on the risk of contracting COVID-19 while incarcerated and Thomas's obesity and high blood pressure, preexisting conditions that increase the risk posed by

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

COVID-19. The District Court denied both Thomas's initial request and his motion for reconsideration.

Thomas separately appealed both decisions. The two appeals are now consolidated.

## II.

18 U.S.C. § 3582(c)(1)(A) provides that a court "may reduce [a federal inmate's] term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." But a court may only do so "after considering the factors set forth in section 3553(a) to the extent that they are applicable." *Id*. Those factors include, among other considerations, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)–(C).

We review denials of requests for a sentence reduction, including consideration of the § 3553(a) factors, for abuse of discretion. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). Our review is highly deferential because district courts view the facts from a better "vantage point" than we do. *United States v. Tomko*, 562 F.3d 558, 566 (3d Cir. 2009) (*en banc*).

Here we cannot conclude that the District Court erred in finding consideration of the § 3553(a) factors was "dispositive" against granting compassionate release. App. at 6; *see also* App. at 13 (explaining that the District Court's decision was "based on the

3

Section 3553(a) factors"). In considering those factors, the Court explained that altering Thomas's sentence would discourage respect for the law, undermine any message of deterrence, and cause his sentence not to reflect the seriousness of his offense. It explained that Thomas's criminal record was "extraordinarily serious" because, among other considerations, he tried to stop a Government witness from testifying against him and had an extensive criminal record. It also observed that Thomas had served less than one-third of his term of imprisonment—which, as noted, already included a seven-year downward variance from the Guidelines range. Under these circumstances, the Court did not abuse its discretion in finding that the § 3553(a) factors defeated Thomas's petition for release. *See Pawlowski*, 967 F.3d at 330–31 (declining to disturb a denial of a petition for compassionate release when significant time remained in the defendant's term of imprisonment and the seriousness of the crimes justified an extended period of incarceration).

Thomas advances three arguments for why the District Court erred in weighing the § 3553(a) factors. None of the identified concerns create "a definite and firm conviction" that it "committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000) (internal quotation marks and citation omitted). First, Thomas objects to the District Court's consideration of a dropped charge for use of a cellphone while incarcerated. But after it was alerted that the charge was dropped, the Court explained that the dismissal of the cellphone charge did not "alter [its] conclusion" as to the § 3553(a) factors, as Thomas's criminal history remained "extraordinarily serious." App. at 11–12.

4

Second, Thomas argues that his request was denied because he received the COVID-19 vaccine and this reasoning, if widely adopted, could perversely encourage inmates to decline the vaccine. We disagree. The District Court appropriately recognized that Thomas's vaccination reduced the health risks he relied on in support of his motion. This conclusion does not reward inmates who decline opportunities for vaccination. District courts routinely deny compassionate release to inmates who refuse the COVID-19 vaccine because they have voluntarily failed to mitigate the very health concerns they identify in support of an early release. *See*, *e.g.*, *United States v. Brinson*, No. CR 19-153 (SDW), 2021 WL 2451970, at *2 (D.N.J. June 16, 2021) (Wigenton, J.) ("[B]ecause Defendant was offered and refused the COVID-19 vaccine, he cannot establish that 'compelling and extraordinary reasons' justify his release." (internal citations omitted)); *United States v. Sawyers*, No. CR 15-00070-RSWL-1, 2021 WL 2581412, at *4 (C.D. Cal. June 22, 2021) ("The glaring consensus among district courts is that refusal of a COVID-19 vaccine subverts a defendant's compassionate release motion."), *appeal dismissed*, No. 21-50157, 2021 WL 6196971 (9th Cir. Oct. 18, 2021).

Third, Thomas argues that the District Court minimized the effect of the pandemic and prison lockdowns on his ability to receive treatment for his mental and emotional health concerns. But it considered his mental health and concluded that "[Thomas's] mental health was not a sufficient reason to grant early release due to COVID-19." App. at 12; *see also* App. at 5 n.2. It was within the Court's discretion when weighing the § 3553(a) factors to find that his mental health concerns do not support an early release,

5

especially because it already considered the same concerns when it initially sentenced Thomas.

Finally, Thomas also asked the District Court to modify his sentence so he could serve a portion of his sentence on home confinement. It properly denied the request. Only the Bureau of Prisons has the authority to put a prisoner on home confinement. *See Tapia v. United States*, 564 U.S. 319, 331 (2011)*;* 18 U.S.C. § 3624(c)(2); *see also United States v. Aguibi*, 858 F. App'x 485, 486 n.2 (3d Cir. 2021).

\*     \*     \*     \*     \*

We will thus affirm the District Court's order denying Thomas's request for compassionate release and its order denying his request for reconsideration.